IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                             Case No. 12-CR-30020-DRH-2

DENIS M. JOINER,

        Defendant.

## MEMORANDUM AND ORDER

**HERNDON, District Judge**:

    Now before the Court is defendant Denis M. Joiner's *pro se* motion to compel (Doc. 148). Joiner asks that the Court order the Government to produce all court documents and evidence from his case. Based on the following, the Court denies the motion.

    Joiner specifically requests a court order directing the government to disclose any discovery, court documents, police reports, and other materials that pertain to Joiner's case pursuant to *Brady v. Maryland*, 373 U.S. 83 (1967). Joiner alleges that the documents will aid in preparing a possible 28 U.S.C. § 2255 petition, and help "determine whether there were constitutional violations of his rights" (Doc. 148).

    However, the Court is unable to consider Joiner's request made in his criminal case. Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule.

See *Carlisle v. United States*, 517 U.S. 416 (1996). Here, Joiner's motion does not fall within any of the permitted categories allowing the Court to consider his motion. He simply argues *Brady* as the basis to compel the government to produce additional copies of discovery in order to assist in preparing a § 2255 petition three years after judgment was entered and his appeal was dismissed as untimely (Doc. 145).

As previously explained, the pending motion was filed in Joiner's criminal case, and the Court is without jurisdiction to consider it. Accordingly, the Court **DENIES for lack of jurisdiction** defendant's motion (Doc. 148).

**IT IS SO ORDERED.**

Signed this 16th day of November, 2016.

Judge Herndon
2016.11.16
10:40:51 -06'00'

**United States District Judge**